OPINION OF THE COURT
Arthur S. Hirsch, J.
Defendants’ motion arises out of an addition to CPLR 3043, that statute listing particulars that may be demanded of a plaintiff who has brought suit for personal injury. This section, amended in 1974, (CPLR 3043, subd [a], par [6]) added a provision requiring the setting forth of facts in a bill of particulars to indicate in what respect plaintiffs had sustained (1) a "serious injury” or (2) economic loss greater than "basic economic loss” as is required by no-fault insurance statutes (Insurance Law, § 671, subds 1, 4; § 673, subd 1) to permit suit for "fault”.
In the instant action, the extent of plaintiffs’ injuries as stated in the bill of particulars does not meet the "serious injury” definition of subdivision 4 of section 671 of the Insur *765 anee Law, but plaintiffs have noted as to both plaintiffs that "the full extent of the patients’ injuries are not presently known and will be submitted at a later date.” Defendant asked the court to strike as defective the statement of injuries from plaintiffs’ bill of particulars on the ground that plaintiffs have not satisfied the statement of "serious injury” requisite.
No-fault legislation is still comparatively new and there are open questions as to a preferred procedure for testing whether the "serious injury” requirement has been met. No pattern has yet been set, but it appears to this court that a motion bottomed on a bill of particulars is not the proper point in the action to test these issues. In this county, it may be appropriate and expeditious to apply the test for "serious injury” in either the Pre-Trial Conference Part or in Special Term, Part VIII, a Trial Preference Part. Substantial evidence such as a physician’s affidavit revealing the extent of the injuries may be required to be submitted before the court sitting in the part renders a definitive ruling on the seriousness of the injury.
As an alternative procedure, a motion for summary judgment could be another appropriate method for determining whether the action may be brought in court or whether plaintiff is restricted to out-of-court no-fault remedies. But in any event, it is clear that the bill of particulars procedure does not involve adequate proofs and a proceeding stronger in context is necessary (see Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR, 1978-1979 Supp, C3043:l, p 96).
For these reasons, defendants’ motion is denied without prejudice to pursue any of the above procedures if they are so advised. Plaintiffs are directed to furnish a further bill of particulars defining the extent of injuries. The supplemental bill is to be submitted as soon as the information sought is available.